IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Village of Oakwood, et al.                                    Case No. 3:05CV7173

                    Plaintiffs

     v.                                                                  ORDER

The State Bank and Trust Co.,

                    Defendant.


This is a case brought by depositors of Oakwood Deposit Bank Company (Oakwood) against

The State Bank and Trust Company (State Bank) to recover monies lost when Oakwood failed. Plaintiffs

assert various state law causes of action.

After this suit was filed in the Paulding County, Ohio, Court of Common Pleas, the Federal Deposit

Insurance Corporation (FDIC) moved for leave to intervene in that proceeding. While that motion was

pending, the FDIC filed a notice of removal to this Court.

Pending is plaintiffs' motion to remand this case to the Paulding County Court of Common Pleas.

Finding that I have no jurisdiction over the FDIC, which is not a party to this lawsuit, the motion to remand

shall be granted.

## Background

For a period of time prior to February 1, 2002, the Executive Vice President of Oakwood failed

to record as deposit liabilities all funds received by Oakwood. As a result of his actions, the bank failed,

and on February 1, 2002, the FDIC was appointed as receiver for Oakwood.

On February 1, 2002, or February 2, 2002, the FDIC entered into a Purchase and Assumption Agreement with State Bank, pursuant to which State Bank agreed to purchase some assets and liabilities (i.e., the liabilities to the insured depositors) of the receivership.

On December 3, 2004, plaintiffs, depositors of Oakwood, brought this action in the Paulding County Court of Common Pleas against State Bank, asserting state law causes of action for successor liability, aiding and abetting breaches of fiduciary duty, constructive trust, and contract. Thereafter the FDIC filed its motion to intervene and be substituted for State Bank as the defendant.

### Discussion

Plaintiff contends that the case should be remanded because: 1) the FDIC is not a party to the state court action (i.e., the state court never granted the motion to intervene); 2) at present, because the FDIC has never become a party, only the state court has jurisdiction over the case.

Based on the amended language of 12 U.S.C. § 1819(b)(2)(B), I find plaintiff's argument persuasive.

Congress granted the FDIC removal authority under 12 U.S.C. § 1819(b)(2)(B):

Except as provided in subparagraph (D), the Corporation may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date *the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party.*

(Emphasis added).[1]

---

[1]
The exceptions in Section 1819(b)(2)(D) do not apply. That section states:

Except as provided in subparagraph (E), any action--

Congress amended § 1819(b)(2)(B) in 1991 to include the above language. Prior to the amendment, § 1819(b)(2)(B) stated: "Except as provided in subparagraph (D), the Corporation may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court."

Pursuant to the pre-amendment text, federal courts generally permitted removal despite the FDIC's failure to seek substitution as a party in the underlying state proceedings. *Estate of Harding By Williams v. Bell*, 817 F. Supp. 1186, 1189 (D.N.J. 1993) (citations omitted). Formal substitution was not necessary, because in these cases, the FDIC was a successor in interest to the failed depository institution that was named as a defendant in the underlying suit. *Id.* (citing *McCarthy Western Constructors, Inc. v. Phoenix Resort Corp.*, 951 F.2d 1137, 1142 (9th Cir. 1991)).

---

(I) to which the Corporation, in the Corporation's capacity as receiver of a State insured depository institution by the exclusive appointment by State authorities, is a party other than as a plaintiff;

(ii) which involves only the preclosing rights against the State insured depository institution, or obligations owing to, depositors, creditors, or stockholders by the State insured depository institution; and

(iii) in which only the interpretation of the law of such State is necessary,

shall not be deemed to arise under the laws of the United States.

Subparagraph (E) provides a rule of construction: "Subparagraph (D) shall not be construed as limiting the right of the Corporation to invoke the jurisdiction of any United States district court in any action described in such subparagraph if the institution of which the Corporation has been appointed receiver could have invoked the jurisdiction of such court." 12 U.S.C. § 1819(b)(2)(E).

3

The statute as amended, however, grants the FDIC removal authority when an "action, suit, or proceeding *is filed against the Corporation* or the Corporation is *substituted as a party.*" 12 U.S.C. § 1819(b)(2)(B) (emphasis added). This language suggests removal cannot occur until the FDIC has been either named or substituted as a party in the state court proceeding. *Id*. at 1190; *see also Pyle v. Meritor Sav. Bank*, 821 F. Supp. 1072, 1074 (E.D. Pa. 1993) (noting that where the FDIC had not been substituted for a failed bank, the FDIC's removal of the action pursuant to 18 U.S.C. § 1819(b)(2)(B) "was procedurally defective."); *Bell*, 817 F. Supp. at 1191 ("Based on the foregoing, it is clear that section 1819(b)(2)(B) now requires substitution in the state proceedings before removal.").

In the instant case, the state court had yet to rule on FDIC's motion to intervene when the FDIC removed the case to this court. Because the FDIC is not a party and has not been substituted as a party, this case has not been properly removed and thus must be remanded.

## Conclusion

In light of the foregoing, it is

ORDERED THAT plaintiffs' motion to remand be, and the same hereby is, granted. The case is hereby remanded to the Paulding County Court of Common Pleas.

So ordered.

/s/James G. Carr
James G. Carr
Chief Judge

4