IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Village of Oakwood, et al.,  Case No. 3:05CV7173

    Plaintiff

v.  ORDER

The State Bank & Trust Co., et al.,

    Defendant

This suit by was begun in the Court of Common Pleas for Paulding County, Ohio, by former depositors of the Oakwood State Bank (Oakwood) , which failed. Following Oakwood's failure, the Federal Deposit Insurance Corporation (FDIC) was appointed as Oakwood's receiver.

The FDIC entered into an agreement with the defendant The State Bank & Trust Co. (State Bank) for the State Bank, *inter alia*, to acquire the assets of the Oakwood Bank and assume the liabilities of the federally-insured depositors of Oakwood.

The plaintiffs allege that they were uninsured depositors whose interests the FDIC should have, but did not, protect during and after the transaction between it and the State Bank. Although the plaintiffs' complaint alleges that the FDIC breached its fiduciary duties to them, it named only the State Bank as a defendant.

The complaint alleges that the defendant the State Bank is liable to the plaintiffs for the amount of their uninsured deposits under various theories, including: successor liability; aiding and abetting the FDIC's breach of fiduciary duty; constructive trust; and breach of contract.

The FDIC filed a motion to intervene in the state court action. The FDIC sought to be substituted for the State Bank on the basis of its status as receiver of Oakwood and to protect its interest in its ability to accomplish its statutorily-mandated responsibilities to, among others, the depositors of failed banks. In its motion to intervene, the FDIC contended, *inter alia*, that successor liability could not be imposed on the State Bank, and the state court was without jurisdiction to review the validity of that bank's acquisition of the assets and liabilities of Oakwood.

After that motion had been pending without a ruling for several weeks, the FDIC removed the case to this court.

Thereafter, the plaintiffs moved to vacate the removal and remand the case back to the Paulding County Court of Common Pleas. I granted that motion because I concluded that I did not have jurisdiction because the FDIC, which was not a party to the state court action, could not properly remove the case from state court to this court.

Now pending is a motion by the FDIC under Fed. R. Civ. P. 59(e) for reconsideration of the order of remand. The FDIC claims in its motion that the remand order was based on a manifest error of law. Plaintiffs oppose the motion for reconsideration.

In addition the State Bank has filed a motion to stay the remand order for sixty days, which is the period within which the FDIC has a right under 12 U.S.C. § 1819(b)(2)(C) to file an appeal from the remand order.

For the reasons that follow, the motion for reconsideration shall be granted. The motion for a stay, being moot, shall be denied.

## Discussion

The basis for my original order was that the FDIC, though it had filed a motion to intervene in the Paulding County Court of Common Pleas, had not become a party, as that motion had not been ruled on. In response to this ruling, the FDIC contends that its filing of the motion to intervene had the effect of giving it party, or quasi-party status sufficient to enable it to remove the case from state court even though that court had not ruled on the motion to intervene.

The right of the FDIC to remove cases from state to federal court is governed by 12 U.S.C.§ 1819(b)(2)(B), which states in pertinent part that the FDIC may:

> without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party.

The FDIC contends that its right to removal must be broadly construed to avoid state interference with its congressional-mandated functions. To that end, the FDIC asserts, state courts should not be allowed to act as gatekeepers with the discretion to grant or deny motions by the FDIC to intervene in pending state court proceedings. Thus, the FDIC claims, it became a "party" to a "proceeding" when it filed its motion to intervene in the state court.

As the FDIC points out, my original decision did not discuss the Fifth Circuit's decision in *Heaton v. Monogram Credit Card Bank of Georgia*, 297 F.3d 416 (5th Cir., 2002). That case holds that, where an action has been brought in a state court against a state bank (or a party, as in that case, alleged to have

3

the characteristics of a federally-insured state bank), and the FDIC has sought to leave to intervene, that motion must be granted. *Id*. at 426 (stating that "the FDIC became a 'party,' for purposes of § 1819(b)(2)(A), as soon as it filed its motion to intervene").

In that case, the court cited an earlier decision, *FDIC v. Loyd*, 955 F.2d 316 (5th Cir.1992), in which the FDIC was allowed to intervene in a case that had been commenced in state court on the basis that it was seeking to protect its interests as the receiver of failed bank. In *Heaton,* the FDIC was not acting as a receiver of a failed bank. Rather, it was seeking to intervene to protect the "more general interest in ensuring the correct interpretation of a statute that implicates the stability and consistency of the FDIC's regime of bank regulation." *Id.* The court also noted in *Heaton* that "[t]he FDIC's role as insurer of bank deposits is immediately relevant to the FDIC's stake in this litigation." *Id*.

The FDIC's motion for intervention in this case shows that it is acting in both capacities: namely, as the receiver of Oakwood and to preserve the integrity of the statutorily-authorized process by which Oakwood's assets and liabilities were transferred to the State Bank. The plaintiffs' claims directly and expressly challenge the FDIC's performance of its statutory duties, and it has the primary means and motive to defend its actions.

I conclude, therefore, that my original decision overlooked persuasive case law, which has been supplemented by two recent decisions, *Buczkowski v FDIC*, 415 F.3d 594 (7th Cir. 2005); *Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 784 (8th Cir. 2005), that likewise can be read to support an expansive reading of § 1819(b)(2). I also failed to be sufficiently attentive to the FDIC's overriding interest and stake in this litigation as expressed in its original motion for intervene. The motion for reconsideration shall, accordingly, be granted.

## Conclusion

For the foregoing reasons, it is

ORDERED THAT:

1. The motion of the Federal Deposit Insurance Corporation for reconsideration be, and the same hereby is granted; on reconsideration, the order of remand is vacated;

2. The State Bank's motion for stay is overruled as moot; and

3. The motion of the Federal Deposit Insurance Corporation to intervene be, and the same hereby is granted.

4. A scheduling conference is set for September 26, 2005 at 4:30 p.m.

So ordered.

                                                        s/James G. Carr
                                                        James G. Carr
                                                        Chief Judge