IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Village of Oakwood, et al.,                             Case No. 3:05CV7173

         Plaintiff

      v.                                                          ORDER

The State Bank and Trust Co., et al.,

         Defendant

       This suit by was begun in the Court of Common Pleas for Paulding County, Ohio, by former depositors of the Oakwood State Bank (Oakwood), which failed. Following Oakwood's failure, the Federal Deposit Insurance Corporation (FDIC) was appointed as Oakwood's receiver.

       The FDIC entered into an agreement with the defendant The State Bank & Trust Co. (State Bank) for the State Bank, *inter alia*, to acquire the assets of the Oakwood Bank and assume the liabilities of the federally-insured depositors of Oakwood.

       The plaintiffs allege that they were uninsured depositors whose interests the FDIC should have, but did not protect during and after the transaction between it and the State Bank. Although the plaintiffs' complaint alleges that the FDIC breached its fiduciary duties to them, it named only the State Bank as a defendant.

       The complaint alleges that the defendant State Bank is liable to the plaintiffs for the amount of their uninsured deposits under various theories, including: successor liability; aiding and abetting the FDIC's breach of fiduciary duty; constructive trust; and breach of contract.

The FDIC filed a motion to intervene in the state court action. The FDIC sought to be substituted for the State Bank on the basis of its status as receiver of Oakwood and to protect its interest in its ability to accomplish its statutorily-mandated responsibilities to, among others, the depositors of failed banks. In its motion to intervene, it contended, *inter alia*, that successor liability could not be imposed on the State Bank, and the state court was without jurisdiction to review the validity of that bank's acquisition of the assets and liabilities of Oakwood.

After that motion had been pending without a ruling for several weeks, the FDIC removed the case to this court.

Thereafter, the plaintiffs moved to vacate the removal and remand the case back to the Paulding County Court of Common Pleas. I granted that motion because I concluded that I did not have jurisdiction because the FDIC, which was not a party to the state court action, could not properly remove the case from state court to this court. (Doc. 15).

Thereafter, the FDIC filed a motion under Fed. R. Civ. P. 59(e) for reconsideration of the order of remand. (Doc. 19). The FDIC claimed, and I agreed, that the remand order was based on a manifest error of law. Accordingly, I vacated the order of remand. (Doc. 24).

Now pending is a motion by the plaintiffs for certification under 28 U.S.C. § 1292(b) for certification of my order denying remand so that the plaintiffs can have that order appealed now, rather than after all proceedings in this court have ended. (Doc. 25).

For the reasons that follow, the motion for certification shall be denied.

### Discussion

The interlocutory appeal statute, 28 U.S.C. § 1292(b), provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling

question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

The plaintiffs contend that the issue of subject matter jurisdiction is at the core of the dispute about the propriety of removal from the state court, and that interests of judicial economy and expediency favor interlocutory appellate determination of the issue of this court's subject matter jurisdiction.

In its opposition, the FDIC contends that the issue of subject matter jurisdiction is not, in fact, at issue in this case, as a federal court has "instant" subject matter jurisdiction in any case in which the FDIC appears with a justiciable interest *See, e.g.*, *Heaton v. Monogram Credit Card Bank of Georgia*, 297 F.3d 416, 426 (5th Cir. 2002). Plaintiffs' reply does not respond to this contention.

I agree that the issue here is not one of subject matter jurisdiction. At issue, rather, is how this case came here, not if it could be here.

On the other hand, if interlocutory appeal does not occur, an ultimate appellate ruling that the case came and was kept here improperly would invalidate any decisions by this court on the merits and undo the work undertaken and time spent getting to such decisions.

The FDIC contends that final disposition of this case will occur without protracted proceedings, as it expects to file a motion to dismiss and anticipates such motion to be successful. Plaintiffs disagree with that prediction.

Regardless of the outcome of a Rule 12(b) motion, it appears that the likelihood that material facts will be in dispute appears slight, so that a trial probably will not be necessary. While that prediction may also not be well-founded, I conclude that, on balance, the better course is to proceed

3

to adjudicate all issues in this case, and hope that such adjudication can occur expeditiously, rather than trisk the delay incumbent on permitting an interlocutory appeal.

To be sure, as plaintiffs point out, the Sixth Circuit is, with the filling of vacancies, more likely to resolve appeals, and particularly interlocutory appeals, more promptly than might have been expected in the past. Predictions about the speed with which an appeal will be resolved remain, however, no more certain than the parties' forecasts about the course of this case in this court.

Plaintiffs express concern that the FDIC will invoke a stonewall approach to discovery. To that contention, there are two answers. First, discovery will occur only after the plaintiffs' complaint has survived a Rule 12(b) motion.

Second, this court will not tolerate stonewalling tactics where discovery should occur. Our local rules require, *Local Civ. R. 37.1,* and I demand that parties contact me when discovery disputes arise. Doing so is not optional, and delays due to discovery disputes usually are eliminated, or at least substantially reduced, where parties, as they should, bring discovery problems promptly to my attention.

Thus, if the FDIC's Rule 12(b) motion fails, this case will nonetheless proceed as expeditiously to final determination in this court as the parties desire. This being so, the benefits of interlocutory review are outweighed by the undesirability of the delay that such review entails.

**Conclusion**

It is, accordingly,

ORDERED THAT the motion for certification pursuant to 28 U.S.C. § 1292(b) be, and the same hereby is denied.

A telephonic scheduling conference is set for November 9, 2005 at 9:30 a.m. (Toledo counsel to attend in person).

So ordered

                                                  s/James G. Carr
                                                  James G. Carr
                                                  Chief Judge