IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Village of Oakwood, *et al.*,            Case No. 3:05CV7173

        Plaintiffs

v.                                                                ORDER

The State Bank and Trust Company,

        Defendant.

This is a suit by former depositors of the Oakwood Deposit Bank Company (Oakwood Bank), which was placed into receivership by the Federal Deposit Insurance Corporation (FDIC). The FDIC transferred the assets of the Oakwood Bank to the defendant State Bank and Trust Company (State Bank). The plaintiffs' deposits with Oakwood Bank were not fully insured.

Plaintiffs claim that State Bank is liable for the amount of the uninsured deposits. They allege State bank is liable: 1) as a successor to the FDIC for alleged breaches by the FDIC of a fiduciary relationship; 2) for aiding and abetting the FDIC's alleged breaches of fiduciary duty; 3) as a constructive trustee; and 4) for a breach of contract.

Plaintiffs filed suit in state court. The FDIC intervened and removed to this court. Plaintiffs' motion to remand, though initially granted, was, on reconsideration, overruled.

Pending is the FDIC's motion for summary judgment. For the following reasons, the motion for summary judgment will be granted.

**Background**

As receiver, the FDIC entered into a purchase and assumption agreement with State Bank to assume certain insured deposits and liabilities of the failed Oakwood Bank.

The FDIC classified plaintiffs as uninsured depositors of Oakwood Bank. Plaintiffs are unhappy with the FDIC's claim distributions to uninsured claimants. In short, plaintiffs allege the FDIC wrongfully treated unrecorded funds as insured deposits, thereby decreasing the payment plaintiffs received for their uninsured deposits.

Plaintiffs did not sue the FDIC. Instead, plaintiffs brought suit against State Bank.

## Discussion

The FDIC argues plaintiffs' claims fail because: 1) § 1821(d)(13)(D)(ii) of the Financial Institutions Reform, Recover and Enforcement Act of 1989 (FIRREA), 12 U.S.C. § 1821(d), limits judicial review of plaintiffs' claims; and 2) plaintiffs fail to state a claim for which relief can be granted. In particular, the FDIC argues plaintiffs failed to comply with FIRREA's mandated judicial review timeline in § 1821(d)(6) and this failure bars its ability to seek judicial review in this court.

Plaintiffs contend § 1821(d)(13)(D)(ii) does not bar their state law claims against State Bank. Plaintiffs do not argue that they complied with the § 1821(d)(6) provisions for judicial review; rather they contend this section does not apply to this action.[1]

Congress enacted FIRREA to enable the FDIC to act as a receiver "to efficiently and expeditiously wind up the affairs" of failed financial institutions. *In re Lewis v. Boyd*, 398 F.3d 735, 740 (6th Cir. 2005). FIRREA governs the FDIC's powers and duties as a receiver. 12 U.S.C. § 1821(d).

Pursuant to FIRREA, the FDIC may serve as receiver for failed banks and accept or reject claims made against the assets of the institution, paying the accepted claims. 12 U.S.C. § 1821(d).

---

[1] Plaintiffs' opposition to the FDIC's summary judgment motion also sought remand to state court. This request has, as previously noted, been denied, and will not be discussed further in this opinion.

Section 1821(d)(6) of FIRREA governs appeals of the FDIC's actions as receiver. It sets a time period, either sixty days after the 180 day claim determination period or sixty days after a claim is disallowed, and determines the venue, and prescribes when a claimant may request agency or judicial review.[2] 12 U.S.C. § 1821(d)(6). Section 1821(d)(13)(D) bars a court's jurisdiction over most claims unless a claimant follows these venue and time provisions. 12 U.S.C. § 1821(d)(13)(D).

At issue in this case is whether § 1821(d)(13)(D)(ii) governs plaintiffs' causes of action. That statute provides "[e]xcept as otherwise provided in this subsection, no court shall have jurisdiction

---

[2] Section 1821(d)(6) states:

> Provision for agency review or judicial determination of claims
> (A) In general
> Before the end of the 60-day period beginning on the earlier of--
> (I) the end of the period described in paragraph (5)(A)(I) with respect to any claim against a depository institution for which the Corporation is receiver; or
> (ii) the date of any notice of disallowance of such claim pursuant to paragraph (5)(A)(I),
> the claimant may request administrative review of the claim in accordance with subparagraph (A) or (B) of paragraph (7) or file suit on such claim (or continue an action commenced before the appointment of the receiver) in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia (and such court
> shall have jurisdiction to hear such claim).
> (B) Statute of limitations
> If any claimant fails to--
> (I) request administrative review of any claim in accordance with subparagraph (A) or (B) of paragraph (7); or
> (ii) file suit on such claim (or continue an action commenced before the appointment of the receiver),
> before the end of the 60-day period described in subparagraph (A), the claim shall be deemed to be disallowed (other than any portion of such claim which was allowed by the receiver) as of the end of such period, such disallowance shall be final, and the claimant shall have no further rights or remedies with respect to such claim.

12 U.S.C. § 1821(d)(6).

over . . . (ii) any claim *relating* to any act or omission of such institution or the Corporation [the FDIC] as receiver." 12 U.S.C. § 1821(d)(13)(D)(ii) (emphasis added).

Plaintiffs contend this section does not include their claims. In support of their argument, plaintiffs cite cases that address the interplay between § 1821(d)(13)(D) and § 1821(d)(6). The language of § 1821(d)(6) has raised debate as to whether it only applies to claims against the FDIC for actions "against a depository institution for which the Corporation is receiver" or applies generally to all claims referred to in § 1821(d)(13)(D). *Auction Co. v. FDIC*, 141 F.3d 1198, 1201 (D.C. Cir. 1998).

The Sixth Circuit, however, has recognized that all claims referred to in § 1821(d)(13)(D) are subject to § 1821(d)'s exhaustion requirements. *In re Lewis*, 398 F.3d at 741 (quoting *Freeman v. FDIC*, 56 F.3d 1394, 1400-01 (D.C. Cir. 1995)).[3] Thus, a plaintiff bringing a suit relating to the FDIC's actions as receiver for a failed bank must comply with the time and venue requirements set forth in § 1821(d)(6). *Id.*; 12 U.S.C. § 1821(d)(13)(D)(ii). Otherwise FIRREA bars jurisdiction.

Plaintiffs did not bring this action within the timeline provided for in § 1821(d)(6).[4] Thus, § 1821(d)(13)(D)(ii) bars any of plaintiffs' claims against State Bank that relate to the acts of the FDIC as receiver for Oakwood Bank.

---

[3] In addition, other courts have found § 1821(d)(6) covers claims against the FDIC as a receiver and therefore a claimant must meet the venue and timeline provisions in this section or the claim will be barred by § 1821(d)(13)(D). *Hudson United Bank v. Chase Manhattan Bank of Connecticut, N.A.*, 43 F.3d 843, 849 (3rd Cir. 1994) (section 1821(d)(6) applies to claims against the FDIC as a receiver); *Home Capital Collateral, Inc. v. FDIC*, 96 F.3d 760, 763-64 (5th Cir. 1996) (holding that all claims against the FDIC as a receiver must comply with § 1821(d)(6) "including § 1821(d)(6)(A)'s time limitations for filing in district court").

[4] Plaintiffs initiated this action on December 3, 2004, almost two years after the FDIC was appointed receiver.

A review of the plaintiffs' complaint shows that all of plaintiffs' claims relate to the FDIC's actions as receiver for Oakwood Bank. Plaintiffs' first three causes of action stem from an alleged breach of a fiduciary duty by the FDIC while acting as receiver for Oakwood Bank. Plaintiffs' final cause of action for breach of contract arises from the FDIC's actions as receiver in transferring insured deposit accounts to State Bank. Thus, § 1821(d)(13)(D)(ii) bars this court's jurisdiction over the action.

Accordingly, the FDIC's motion for summary judgment is granted.

## Conclusion

For the foregoing reasons, it is therefore,

ORDERED that the FDIC's motion for summary judgment be, and the same hereby is, granted.

So ordered.

/s/James G. Carr
James G. Carr
Chief Judge